IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARNOLD ORTIZ, ET AL, <br> Plaintiffs <br> <br> VS. <br> <br> M-I LLC dba MI SWACO, and SCHLUMBERGER TECHNOLOGY CORPORATION aka SCHLUMBERGER M I, LLC. <br> Defendants | CIVIL ACTION NO. _____ <br> Jury Trial |

## PLAINTIFF'S ORIGINAL FEDERAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Arnold Ortiz, individually, and on behalf of similarly situated present and former employees, hereinafter referred to as "Plaintiffs" complaining of M-I LLC, dba MI SWACO and/or M-I Drilling Fluids L.L.C. and SCHLUMBERGER TECHNOLOGY CORPORATION aka SCHLUMBERGER M I, LLC., and would show unto the Court the following:

## PARTIES

1. Plaintiff is an individual who resides in the State of Texas. Plaintiff was and all potential Plaintiffs were and are classified as 'Closed Loop Operator' employees aka 'sit hands' and 'service' employees which identifies the classes of all similarly situated present and former employees.

2. Defendant M-I LLC is doing business in Nueces County, Texas. M-I L.L.C. operates under the assumed name of MI SWACO and/or M-I Drilling Fluids L.L.C., and may be served by serving:

1

>National Registered Agents, Inc
>350 N. St. Paul Street, Suite 2900
>Dallas, Tx. 75201-4234.

3. Defendant SCHLUMBERGER TECHNOLOGY CORPORATION aka SCHLUMBERGER M I, LLC, is a business entity doing business in Nueces County, Texas and may be served by serving:

>National Registered Agents, Inc
>350 N. St. Paul Street, Suite 2900
>Dallas, Tx. 75201-4234.

4. Defendant MI SWACO dba MI SWACO and/or M-I Drilling Fluids L.L.C., merged with Defendant SCHLUMBERGER TECHNOLOGY CORPORATION aka SCHLUMBERGER M I, LLC. on or about August 2010.

5. Should Plaintiff learn that the business is owned by a different corporation or other business entity, then Plaintiff would request leave to add as a proper party, substitute the true name and/or to serve said corporation or business entity.

## VENUE AND JURISDICTION

6. Venue is proper in Nueces County, Texas, and this district in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Nueces County, Texas. Moreover, venue is proper in Nueces County, Texas, in that Defendants conduct business in Nueces County.

7. This Court has jurisdiction pursuant to 28 U.S.C. section 1331.

## MISNOMER/MISIDENTIFICATION

8. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties

2

are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## RESPONDEAT SUPERIOR

9. Employees involved in this cause of action were, at all times described herein, employees and vice-principals of defendant(s) and were at all times acting in the course and scope of that employment. Accordingly, defendant(s) are liable for such conduct under the doctrine of *Respondeat Superior*.

## FACTUAL BACKGROUND

10. At all times relevant to this lawsuit, Defendants, its agents and employees, were aware of the acts and omissions alleged herein, and through its authorized employees, agents, officers, executives, or representatives, knowingly formulated, participated in, and/or approved the wrongful and illegal conduct complained of herein.

11. Plaintiff is a former employee of Defendant(s). Plaintiff was and all potential Plaintiffs were / are classified as and worked as 'Closed Loop' employees aka 'sit hands' and 'drilling fluid service' employees which identifies the classes of all similarly situated present and former employees.

12. 'Closed Loop Operator' employees aka 'Sit hands' were required to travel to oil rig locations to install, operate, maintain, and rig down Defendants' drilling fluid filtering equipment and products. The equipment filtered cuttings, rocks and solid materials from drilling fluids.

13. Plaintiff and other unnamed present and/or former employees of Defendant(s) were required to work in excess of 40 hours per week but were not paid overtime as required by law and/or were not paid for all time worked. The Defendant(s) failure to pay overtime and/or pay for all time worked violated the Fair Labor Standards Act (FLSA). Therefore, Plaintiff and said present and/or former employees are entitled to recover pay for each hour worked in excess of 40 hours during any one work week at the rate of one and one half times his hourly rate including not being paid travel time to and from oil rig locations and other pay for all work to which they would have been entitled.

14. Plaintiff, individually and on behalf of similarly situated present and former closed loop employees, would show that he was and they were denied payment of overtime and wages in violation of the FLSA as a result of the Defendant's common policy / plan. The common policy and plan resulted in unpaid overtime and pay for all work for all closed loop operator employees. The Defendant's / Defendants' common policy / plan included:

   a. limiting reportable hours to 12 hrs per day per closed loop employee on two man jobs;

   b. limiting reportable hours to 16 hrs per day per closed loop employee on one man jobs;

15. Defendants' common plan / policy resulted in not paying Plaintiff and all class members for all time worked / on duty on closed loop jobs:

   a. Not paying Plaintiff(s) to attend all on site daily safety meetings amounting to 30 minutes of unpaid overtime per safety meeting;

   b. Not paying Plaintiff(s) for donning and doffing required safety gear amounting to 30 minutes of unpaid overtime per day;

    c. Not paying Plaintiff(s) for doing all daily reports on their off shift time amounting to 30 minutes of unpaid overtime per day;

    d. Not paying Plaintiff(s) all time 'worked' / 'on duty' per day on one man jobs amounting in unpaid overtime equal to the difference of 24 and the time recorded on timesheets;

16. Plaintiff Ortiz, individually and on behalf of similarly situated present and former employees would show the following violations of the FLSA:

    a. Not paid for mandatory safety meetings before each shift each day worked, which unpaid time was 30 minutes per day;

    b. Not paid for doing daily reports, which unpaid time was 30 minutes per day;

    c. Not paid for donning and doffing required safety and work gear and cleaning of drilling fluids after the end of assigned work shift, which unpaid time was 30 minutes per day;

    d. Not paid for working in excess of 16 hours per day on 1 man job assignments which employees were required to stay on location 24 hours per day to be available for work and which time is the difference between 24 hours and time submitted on timesheets each day;

    e. Not paid for working in excess of 12 hours per day on 2 man job assignments;

    f. Not paid for all hours on job locations;

    g. Failure to pay FLSA wages when due.

17. Plaintiffs would show that Defendant instructed Plaintiffs and similarly situated present and former employees that the above referenced types of work could not be submitted on time sheets for payment of wages and employees were not allowed to submit these times on their timesheets and these FLSA violations.

18. Further Plaintiff would show that the FLSA violations were willful, continuous, and intended to mislead Plaintiffs, including telling Plaintiffs that they were not entitled to

overtime and that they could not get overtime for all hours worked, even though it was a violation of law. Upon information and belief, Defendants paid supervisors bonuses based upon limiting the reported overtime hours of employees. Therefore, the acts were intentional and made knowingly and Plaintiffs are entitled to three years of accrued, unpaid overtime pay.

19. Plaintiff is and potential Plaintiffs are entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendants' failure to take reasonable steps to comply with the FLSA.

## ATTORNEYS' FEES

20. It was necessary for Plaintiff to retain the services of the undersigned attorneys to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorneys fees, expert fees and court costs to prosecute this action.

## JURY DEMAND

21. Plaintiff demands a trial by jury to the extent necessary under the law.

## CONCLUSION

**WHEREFORE,** Plaintiffs pray that Defendant(s) be cited to appear and answer herein and that upon final hearing hereof, a judgment be rendered for Plaintiffs and against Defendants, for the damages set out above in the amount the jury deems reasonable under the circumstances, along with attorneys' fees, costs of court, pre-judgment interest, post-judgment interest and for such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,


By: /s/s Adam Poncio
Adam Poncio
Southern District No. 194847
State Bar No. 16109800
PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Rd., # 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880


Chris McJunkin
Southern District No.23548
State Bar #13686525
2842 Lawnview
Corpus Christi, Tx. 78404
Tel: (361) 882-5747
Fax: (361) 882-8926

7