# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD ORTIZ, ET AL<br>　　Plaintiffs | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 2:13cv327 |
| | § | |
| M-I LLC, ET AL<br>　　Defendants | §<br>§ | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## ANSWER

NOW COMES M-I L.L.C. d/b/a M-I Swaco, and Schlumberger Technology Corporation, who respond to Plaintiff's original Complaint as follows:

## PARTIES

1. Defendants lack sufficient knowledge to either admit or deny the factual allegations contained in Paragraph 1 of the Complaint and deny same. Plaintiff's allegations that seek to establish other potential plaintiffs call for a legal conclusion, which Defendants are not obligated to admit or deny but, in an abundance of caution, deny the same. Additionally, Defendants deny that Plaintiff's claims are subject to a collective action under 29 U.S.C. §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and assert that any claims by Plaintiff are purely personal to the Plaintiff.

2. Defendants admit that M-I LLC does business in Nueces County, Texas and may be served as indicated.

3. Defendants admit that Schlumberger Technology Corporation does business in Nueces County and may be served as indicated. Defendants deny the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint, but admit that Schlumberger Technology Corporation and M-I LLC are affiliated.

5. Plaintiff's allegations in Paragraph 5 do not call for an answer by Defendants, however, out of an abundance of caution, they are denied. Furthermore, Defendants reserve their right to oppose any attempt on Plaintiff's part to conditionally certify this matter as a collective action under §216(b) of the FLSA.

## VENUE AND JURISDICTION

6. The allegations in Paragraph 6 Complaint state a legal conclusion that Defendants are not required to admit or deny. Defendants lack sufficient information to admit or deny the factual allegations in Paragraph 6 of Plaintiff's Complaint.

7. The allegation in Paragraph 7 of Plaintiff's Complaint state legal conclusions that Defendants are not required to admit or deny.

## MISNOMER/MISIDENTIFICATION

8. Plaintiff's first allegation in paragraph 8 does not appear to call for an answer by Defendants, however, out of an abundance of caution, it is denied. The remaining allegation in paragraph 8 of the Complaint calls for a legal conclusion, which Defendants are not obligated to admit or deny but, out of an abundance of caution, deny the same.

## RESPONDEAT SUPERIOR

9. The allegations in paragraph 9 of the complaint call for a legal conclusion, which Defendants are not obligated to admit or deny but, in an abundance of caution, deny the same.

## FACTUAL BACKGROUND

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants lack sufficient information to admit or deny the allegations of Paragraph 11 of Plaintiff's complaint and therefore deny same.

12. Defendants lack sufficient information to admit or deny the allegations of Paragraph 12 of Plaintiff's complaint and therefore deny same.

13. Defendants deny the factual allegations in Paragraph 13 of Plaintiff's Complaint. The remaining allegations state conclusions of law that Defendants are not required to admit or deny, however, out of an abundance of caution, Defendants deny the same.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint including subparts a. through d.

16. Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint including subparts a. through g.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

## **ATTORNEYS' FEES**

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

## **JURY DEMAND**

21. Defendants acknowledge that Plaintiff has demanded a trial by jury. Plaintiff's entitlement to a trial by jury is a legal conclusion that Defendants are not required to admit or deny.

22. Defendants deny the allegations in Plaintiff's conclusion and prayer for relief.

23. Defendants deny any allegations not specifically admitted in this Answer.

## AFFIRMATIVE OR OTHER DEFENSES

Continuing with its Answer, the Defendants next assert the following affirmative or other defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and some or all of the putative class have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Although Defendants deny any unlawful conduct, Defendants alternatively aver that any alleged violation is subject to the *de minimis* doctrine, which Defendants invoke.

### THIRD AFFIRMATIVE DEFENSE

Although Defendants deny any unlawful conduct, Defendants alternatively aver that Plaintiff's claims arise from circumstances that are purely personal to the plaintiff and not from any generally applicable rule, policy, or practice.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the activities that Plaintiff alleges are compensable are not compensable activities under the applicable law, including but not limited to the Portal-to-Portal Act.

### FIFTH AFFIRMATIVE DEFENSE

Although Defendants deny any unlawful conduct, Defendants alternatively aver that they had no actual or constructive notice of any unpaid overtime work.

### SIXTH AFFIRMATIVE DEFENSE

Although Defendants deny any unlawful conduct, the Defendants alternatively aver that they made reasonable, good-faith efforts to comply with, and not violate, the FLSA; any alleged violations of law were not willful; the Defendants acted in good faith, with reasonable grounds

for believing that its actions or inactions or omissions were not in violation of the FLSA; and any complained-of act or omission was in good-faith conformity with and in reliance on applicable law, administrative regulations, orders, interpretations and/or administrative practice or policy enforcement pursuant to 29 U.S.C. §§ 258, 259, or other applicable authority.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not similarly situated, pursuant to 29 U.S.C. § 216, with the putative collective action members he seeks to represent for the purposes of the FLSA.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendants specifically reserve all defenses available under Federal Rules of Civil Procedure 8(c).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class have failed to take adequate steps to mitigate their damages. Alternatively, Defendants are entitled to a set off and/or credit for any amounts earned in mitigation.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims and/or the putative class's claims are barred by the applicable statute of limitations and/or laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims and/or the putative class's claims are barred by the doctrines of waiver, comparative fault, justification, ratification, acquiesce, consent, unjust enrichment, and/or *res judicata*.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class have suffered no damages; in the alternative, their damages are subject to, or barred by, estoppel, misrepresentation, and unclean hands, and the Plaintiff and the putative class are entitled to only one satisfaction for any allegedly unlawful action or omission.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class' claims for collective relief are barred to the extent that they did not work more than 40 hours in any given workweek and therefore are not entitled to overtime under the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring one or more of his own claims and/or the claims of the putative class. Further, Plaintiff's claims cannot be properly joined with those of other members of the putative class. Some or all of the claims of Plaintiff and/or the putative class are barred by the principals of satisfaction and accord or release.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims conflict with those of other putative class members.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defense.

**WHEREFORE**, after due proceedings had, Defendants pray that Plaintiff's suit be dismissed with prejudice and that Defendants be awarded their costs and attorney's fees and any other relief which the Court deems to be just.

Respectfully submitted,

*/s/ Samuel Zurik, III*
Samuel Zurik III (TX Bar #24044397)
THE KULLMAN FIRM
A Professional Law Corporation
1600 Energy Centre, 1100 Poydras Street
Post Office Box 60118
New Orleans, Louisiana 70160
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-mail: sz@kullmanlaw.com

COUNSEL FOR DEFENDANTS
M-I LLC D/B/A M-I SWACO AND
SCHLUMBERGER TECHNOLOGY
CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on January 3, 2014, I electronically filed the foregoing with the Court's CM/ECF system, which will send a notice of electronic filing to:

>Adam Poncio
>Southern District No. 194847
>TX Bar #16109800
>PONCIO LAW OFFICES
>A Professional Corporation
>5410 Fredericksburg Road #109
>San Antonio, TX 78229-3550
>
>Chris McJunkin
>Southern District No. 23548
>TX Bar #13686525
>2842 Lawnview
>Corpus Christi, TX 78404

*/s/ Samuel Zurik, III*